## DALY v. AMBERG.

(*Supreme Court, General Term, First Department.* February 11, 1891.)

1. INJUNCTION—VIOLATION—EXCUSE—MODE OF SERVICE.
   Upon service of a restraining order pending an action, an omission to state in the papers the ground on which the order was allowed, as required by Code Civil Proc. N. Y. § 610, is a mere irregularity, which will not excuse disobedience of the order.

2. SAME.
   Nor is it any excuse for disobedience of the order by an agent of defendant that it had not been served on defendant himself, where it was intended to restrain his agents and servants as well as himself.

3. SAME—REFUSAL TO RECEIVE.
   Another agent who was served with the same order by leaving with him a copy of it for defendant, but who immediately threw it away, is chargeable with knowledge of its import, and his subsequent violation of it is a contempt.

4. SAME—IGNORANCE.
   The fact that another agent on whom the order was served did not understand it, though it mitigates his offense in violating it, does not entirely excuse him, as it was his duty to have it explained to him.

Appeal from special term, New York county.

Action by Augustin Daly against Gustav Amberg. Appeal by Herman Schoenberg, Leo Winterfield, and August Walther from an order directing their punishment for disobeying an injunction order issued in this action.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Howe & Hummel*, for appellants. *Stephen H. Olin*, for respondent.

DANIELS, J. The defendant, his agents, actors, servants, and employes, were restrained by an order to show cause why the same should not be continued, during the pendency of the action, from producing, performing, representing, playing, printing, publishing, selling, copying, or adapting, or in any way disposing of, or using, or causing or suffering to be produced, performed, represented, played, printed, published, sold, copied, or adapted, or in any way disposed of or used, the dramatic composition or comedy entitled "Die Wilde Jagd," either in whole or in part, or any copy, or imitation, or adaptation, or arrangement thereof. Ineffectual efforts were made to serve this order, and the summons and complaint, with the affidavit thereto annexed,

upon the defendant, on account of his absence from the state. He then was, and previously had been, the manager and proprietor of the Amberg Theater, situated on Irving place and Fifteenth street, in the city of New York, and was in the control and direction of the members of the theatrical company there employed, including the present appellants. It was designed to produce this play at the theater on and after the 17th of October, 1890, and it was produced by the company on the evening of that day, and on the afternoon and evening of the following day. A copy of the injunction order had been personally served upon the appellant Schoenberg, on the 15th of the month, by Harold Swain, attorney and counselor of this court, who was the managing clerk of the plaintiff's attorneys. This person was served as the manager at that time of the business of the theater. And from the exercise of authority by him, as that has been described by Swain, and the statement made by Schoenberg to the affiant, Ernest C. Wagenfuehr, that he had been in full charge of the theater on Friday and Saturday, October the 17th and 18th, there is little, if any, room for doubting that to have been his position, although he himself has sworn that he was no more than the defendant's book-keeper. The defendent would naturally delegate this authority, during his own absence, to some member of the company; and as no other person appeared to wield authority, and this appellant seems to have assumed and used it, he has been properly concluded to have occupied that position, as he admitted himself to have done so. Upon this fact the proof preponderated in favor of the plaintiff.

To make a regular service of the injunction order, the Code of Civil Procedure, by section 610, has required that there shall be served with the order itself copies of the papers on which it has been issued. The service made upon this appellant on the 15th, while it did not fail to supply him with complete information that the production of the play at the theater had been legally forbidden, was still irregular; and to remove that irregularity another service of the order, with copies of the papers on which it had been issued, was made upon the same person by Mr. Swain about the middle of the 17th of October, 1890. That complied with all the requisites for a complete service, and subjected him to the obligation of obeying the mandate of the law that the play should not be produced. The Code of Civil Procedure, by section 608, permitted the order to accompany the summons, as it did in this case, and that made the injunction regular; and while it should have contained a statement of the grounds on which it had been allowed, to comply with section 610 of this Code, the omission to do so was more than an irregularity, and did not excuse the disobedience of the mandate. This appellant is one of the persons on whom the injunction was intended to operate and restrain. It included not only the defendant in the action, but also, by express direction, his agents, servants, employes, and actors. And when these papers were served upon him as one of these persons he had but one alternative, and that was implicitly to obey its command, and to abstain from the production of the play, which could most readily be done, as was at one time proposed, by substituting another in its place. It was not disobeyed for want of previous service on the defendant, but from a determination to disregard it, and that was a contempt of the court which had by one of its justices issued it.

That knowledge of the restraint acquired by the person violating the injunction is sufficient to bind him to its observance, was held in *Koehler* v. *Bank*, 6 N. Y. Supp. 470, affirmed 117 N. Y. 661, 22 N. E. Rep. 1134; and it was fully obtained by this person. He violated it voluntarily, and should not now be heard to complain of the consequences he thereby brought upon himself. He had ample time for information and reflection, and chose to disregard the order of the court issued under the authority of the law. Whether the service was or was not irregular without having been first made upon the defendant was not for him to inquire, for even an irregular in-

junction cannot be disregarded by the person receiving and included within it, but it must be observed until advantage shall be taken of the irregularity by way of an application to set it aside on motion. There was nothing in the proceeding forming any legal excuse for proceeding with this play after it had been served, as it was, with the other papers, on the 17th of October. It was found by the court that the disobedience of this appellant had defeated, impaired, impeded, and prejudiced the rights and remedies of the plaintiff. And that conclusion was fully supported by the facts. His right, as it had then been established, was that the play should not be produced at this theater while the injunction was in force. And that had been done in defiance of the remedy forbidding it. The case, therefore, was one for punishment. Code Civil Proc. § 2281. And without proof of actual loss to the plaintiff, that was authorized to the extent of a fine of $250, the amount imposed by the court, and imprisonment until the fine should be paid, not exceeding, for the failure to pay, the period of 30 days, and by imprisonment, as a punishment, certainly as extended as that was included in the decision and order, which was for 30 days, in addition to that resulting from the non-payment of the fine. Code Civil Proc. §§ 2284, 2285. This was no more than was commensurate with the facts of the case, and the necessity of securing the observance of the legal commands of the law.

The appellant Leo Winterfield was served with a full set of the same papers about the middle of the 17th day of October. He was the treasurer, engaged in selling tickets for the production of the play. At the time of the service there is good reason for believing that he was well aware of their import; for the fact is proved that he brushed them out of the window of the ticket-office, from which they fell upon the floor, and were then, by another person present, animated probably by the same understanding, kicked into the street. It is true that this appellant has endeavored to mitigate his act by way of explanation; but that, in view of what has been sworn to by another, and entirely disinterested, affiant, cannot be accepted as credible. If the papers had been placed within his reach, as he says they were, for the defendant, then it was his duty, and he could without doubt have observed it, to retain them for him. But, without yielding to what in that event would have been a very natural inclination, he immediately pushed the papers out of the window, and sold the tickets for the production of the play, in violation of the injunction. Without this service on his part, there would have been no attendance on the part of the public, and the play would not have been produced. He therefore, by his own acts, subjected himself to the same conclusion as to the facts, and deserved, as well as received, the same measure of punishment, as the manager.

The case of the appellant August Walther is not so flagrant. But still he did violate the injunction,—irregularly, it must be admitted, served upon him. But the service which was made was sufficient if he had understood the English language to have apprised him of his duty. And when that is the fact a mere irregularity of service, while it will form a good reason for setting it aside on a motion made for that purpose, will not excuse a disobedience of the order itself. *People* v. *Sturtevant*, 9 N. Y. 263, 278. While it remains undisturbed, it will be binding and effectual, and must be complied with. But, while it is stated that the effect of the paper was explained to him, he swears that he did not understand it. But that fact will not wholly excuse him, for he should have consulted some person to secure an explanation of the order, and discovered his duty. He had been engaged in theatrical service for six years in this country, and during that time must have acquired some knowledge of the necessity of acquainting himself with the contents of formal legal papers; and that he failed to do. But still his case has been greatly mitigated by his ignorance of the language, although his offense has not been wholly removed. The court at the hearing so considered

it, for the punishment by imprisonment was not imposed upon him, other-
wise than to secure the payment of the $250 fine. But, as the facts appear,
this fine should be reduced to the sum of $100, which will be sufficient to in-
spire him hereafter with appropriate respect for the orders of the court, and
with the duty incumbent upon him of ascertaining, by the assistance of
others, what is intended to be exacted from him. As to August Walther,
the order should be modified by reducing it in amount to the sum of $100, and
with that modification it should be, in all other respects, affirmed; and as to
the appellants Herman Schoenberg and Leo Winterfield, the order should be
affirmed, with $10 costs, and the disbursements. All concur.