### MERTAGE *v.* BENNETT.

*(Superior Court of New York City, General Term. July 2, 1891.)*

PLEADING—BILL OF PARTICULARS—WHEN DENIED.

In an action for damages for breach of contract, the complaint alleged that on a certain day defendant agreed to hire certain rooms from plaintiff's assignor, who agreed to furnish for defendant and his family board and lodgings at $100 per week from December 15, 1890, to June 15, 1891; that on December 15, 1890, defendant took possession of the rooms, and agreed to pay $100 per week; that on December 29th defendant refused to perform the agreement on his part, though plaintiff's assignor was all the time ready and willing to perform the same for the remainder of the term on her part; and that, by reason of the premises, plaintiff, as assignee, was damaged in the sum of $2,200. *Held*, that the claim was sufficiently particularized in the complaint, and a bill of particulars would be denied.

Appeal·from special term.

Action by James S. Mertage against Sydney A. Bennett. The complaint alleged: "(1) That on or about the 15th day of December, 1890, the above-named defendant entered into an agreement with one Sarah H. Mertage, whereby defendant agreed to hire from the said Sarah H. Mertage certain rooms in, and part of the house known as, 'No. 603 Fifth avenue,' in the city of New York, and whereby the said Sarah H. Mertage was to furnish for the said defendant, his wife, two children, and one maid servant, board, lodging, and other extra accommodations, from the time aforesaid, until the 15th day of June, 1891, and for which defendant agreed to pay for and during the said term at the rate of one hundred dollars per week. (2) That, pursuant to the aforesaid agreement, the defendant took possession of and used and occupied said rooms with the parties aforesaid, and obtained the board, lodging, and other extra accommodations, for which said defendant agreed to pay as aforesaid. (3) Upon information and belief, that on about the 29th day of December, 1890, the said defendant refused to carry out the conditions of said agreement on his part, although the said Sarah H. Mertage, up till the time last above mentioned, had performed, and was and still is ready and willing to perform for the remainder of the term of said contract, all the conditions of said agreement on her part. (4) That, prior to the commencement of this action, the said contract, and all the right, title, and interest of the said Sarah H. Mertage of, in, and to the same, was duly assigned to the plaintiff herein. (5) That by reason of the premises plaintiff has sustained damage in the sum of two thousand two hundred dollars. Wherefore plaintiff demands judgment against the said defendant for the aforesaid sum of two thousand and two hundred, ($2,200,) besides the costs and disbursements of this action." A motion for a bill of particulars of plaintiff's claim was denied, and defendant appeals.

Argued before FREEDMAN, DUGRO, and GILDERSLEEVE, JJ.

*Sol. Kohn,* for appellant. *Isaac L. Sink,* for respondent.

FREEDMAN, J. I fail to perceive that the order appealed from violates any substantial right of the defendant. The action is brought to recover the sum of $2,200 as damages for the breach by the defendant of a contract made between defendant and plaintiff's assignor for the use and occupation of certain rooms, and for board and lodging for the defendant, his wife, two children, and maid. The complaint fully sets out the contract and its terms, from which it appears that it was made for a certain specified term, and at a rate agreed upon, and under it the plaintiff seeks to recover for the term specified, (with the exception of the first two weeks of the term,) and at the rate agreed upon, viz., $100 per week. The claim is therefore sufficiently particularized in the complaint, and any bill of particulars thereof which the plaintiff could be compelled to furnish would be a mere repetition of what he has already alleged. The order should be affirmed, with $10 costs and disbursements. All concur.