### HUSSON *v.* OPPENHEIMER *et al*

*(Supreme Court, General Term, Second Department.   May 9, 1892.)*

BILL OF PARTICULARS—KNOWLEDGE OF PARTICULARS BY DEFENDANT.

   A vendor will not be required to furnish a bill of particulars in an action by him to recover a sum of money retained by the vendee of real estate, to indemnify him in case he had to pay some old sales for water rates on the property appearing on a tax search produced by the vendee, but which it is alleged he never was in fact called upon to pay.

Appeal from special term, Westchester county.

Action by Joseph Husson against Jacob Oppenheimer and another to recover moneys retained by defendant upon a sale of real estate to indemnify him for apparent sales of the property for water rates.   From an order denying a motion to compel plaintiff to furnish a bill of particulars, defendants appeal.   Affirmed.

Argued before BARNARD, P. J., and PRATT, J.

*Albert I. Sire,* for appellants.   *Joseph Husson, (D. McMahon,* of counsel,) for respondent.

BARNARD, P. J.   The complaint avers that, upon a conveyance by the plaintiff to the defendant of lands in Kings county, there was retained the

sum of $450 to indemnify the defendant in case he had to pay some old sales for water rates on the property; that the money was retained in 1886, and that the defendant has never been called upon to pay the money, and has never paid it; that the sales were illegal and invalid. The complaint avers, also, that these water taxes were upon the property sold. The papers show that the money was retained on a tax search, which defendant produced. No case is made for a bill of particulars. The deposit of money, the date, the transaction under which it was made, the property on which the tax was supposed to be assessed, and the invalidity of the entire taxes and sales under them, make out, if proven on the trial, a good cause of action; and a bill of particulars cannot give any more specific information as to the facts out of which the claim is charged to arise than is given in the complaint. The order denying the motion should therefore be affirmed, with costs and disbursements.

PRATT, J. This is an appeal from an order denying a motion to require the plaintiff to furnish a bill of particulars. There is no merit in the appeal. The complaint set out only one cause of action, which was for a specific sum of money, $450, deposited with the defendant to indemnify him against certain supposed taxes which defendant claimed were a lien upon certain real estate owed to him by the plaintiff, as appeared upon a tax search in possession of the defendant, which he retained. It therefore appeared that the defendant knew all about the mattter much better than the plaintiff; besides, there was only one item to be proved, to wit, that the $450 was left in defendant's hands to pay taxes which were never paid, as they were no lien upon the premises. It is hard to believe that this motion and appeal are for any other purpose than to delay the trial of the case. If the defendant desires to know what taxes or water rates were referred to in the contract for which the money was deposited, he has only to look at the tax search in his own possession, which he produced at the time of the conveyance, and upon which he made his claim for indemnity. Order affirmed, with costs and disbursements.