TALBERT v. STORUM.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

1. PLEADING—BILL OF PARTICULARS—AFFIDAVIT BY ATTORNEY.

In an action on a life insurance policy assigned by deceased to plaintiff, defendant, deceased's administrator, moved for a bill of particulars stating the consideration for the assignment and the amount of plaintiff's insurable interest. The moving affidavit was made by defendant's attorney, and alleged, on information and belief only, that defendant had no knowledge of what plaintiff relied on to establish the consideration for his possession of an insurable interest, both of which defendant was prepared to deny, and that for want of particularity in the complaint in such respects defendant was unable to protect himself against surprise. No reason was given why the affidavit was not made by defendant instead of his attorney. *Held*, that the affidavit was insufficient to support the motion.

2. ASSIGNMENT OF LIFE INSURANCE POLICY—CONSIDERATION.

The fact that such assignment is under seal conclusively imports a sufficient consideration to uphold the transfer, and, it being absolute in its terms, defendant cannot maintain that the assignment is executory, and so within Code Civil Proc. § 840, which makes a seal on an executory instrument presumptive evidence only of a sufficient consideration.

Appeal from special term, Erie county.

Action by Robert Talbert against James Storum, administrator, etc., of William Storum, deceased, impleaded as defendant in place of the original defendant, the Mutual Reserve Fund Life Association, to recov-

·er the amount of a policy of insurance. From an order denying his motion for a bill of particulars, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

J. L. Slater, for appellant.

B. S. Farrington, for respondent.

MACOMBER, J.   This action was originally begun against the Mutual Reserve Fund Life Association upon a policy issued by that company to William Storum in his lifetime, in the sum of $1,000, payable to the estate of the insured.   A like demand having been made upon it by the defendant, James Storum, as administrator of the goods and chattels of William Storum, the insurance company made a motion at special term interpleading the administrator as defendant in its place, making no defense whatever to its liability to pay to one or to the other of the parties the sum of $1,000, the amount of insurance claimed in the complaint.   The complaint alleged that this policy was issued to William Storum on the 7th day of August, 1883, and upon reference to the policy or certificate it is seen that by it the company undertook to· insure this so-called member in the sum of $1,000.   The complaint further alleged that on the 28th day of October, 1883, William Storum, for a valuable consideration, sold, assigned, and transferred to the plaintiff such policy or certificate of membership, and all sums of money, interest, benefit, and advantage whatsoever, then due or thereafter to arise upon such certificate or policy; that such assignment was thereafter, and on the 2d day of November, 1883, duly consented to and approved by the Mutual Reserve Fund Life Association, and that the plaintiff possessed an insurable interest in the life of William Storum equal to the amount assigned by the policy.   Upon demand being made and refused, the motion for a bill of particulars was made at the special term upon an affidavit to compel the plaintiff to furnish such bill, stating the consideration for the transfer of the policy alleged in the complaint, and the amount of the insurable interest of the plaintiff in the life of the deceased. No answer, as yet, has been interposed by this defendant.   The affidavit which was made, not by the defendant, but by his attorney of record, alleged, upon information and belief only, that the defendant has no knowledge as to what matters are relied upon by the plaintiff to ·establish a consideration for the alleged assignment of the certificate of membership or policy set forth in the complaint, and that the defendant is unable to determine upon what state of facts the plaintiff relies to establish in himself the possession of an insurable interest in the de- ·ceased.   The affidavit further stated, upon like information and belief, that the defendant was prepared to deny the existence of any consideration for the alleged assignment, or that the plaintiff possessed an insurable interest in the deceased equal to the amount assigned; and further, that by reason of a want of particularity in the complaint of the plaintiff the defendant was "unable to ascertain the specific propositions for which the said plaintiff contends in respect to the said consideration for the said assignment and the insurable interest, nor is the defendant enabled in any way to protect himself against surprise upon trial of the

·action." This affidavit is wholly insufficient to enable the court to grant the motion made upon the strength thereof, and accordingly the ·special term was quite right in denying it. No facts were set forth, nor was there any reason given why the affidavit was not made by the defendant instead of his attorney. This objection ought to have been, and probably was, fatal to the motion at special term. But aside from the foregoing consideration, however, it appeared at the special term, on the production of the assignment alleged in the complaint, that the same ·was under seal, and was to the import alleged in the complaint, ·and that the same was consented to in writing by the insurance company by an indorsement thereon bearing date November 2, 1883. The seal to this instrument conclusively imports a sufficient consid·eration to uphold the transfer. Torrey v. Black, 58 N. Y. 185. Nor is the assignment, as is now argued by the learned counsel for the appellant, an executory instrument, and hence it does not come under the rule defined by section 840 of the Code of Civil Procedure, which makes a seal on an executory instrument presumptive evidence only of ·a sufficient consideration, which may be rebutted as though the instrument was not sealed. There is nothing in the language of the assign·ment indicating that it was in any respect executory. It was absolute ·in terms. It is true that an insurable interest, in order to sustain a policy of life insurance upon the life of another person, must be pleaded and proved; but it is doubtful whether this defendant, as the administrator of the estate of the insured, can attack the validity of this assignment of the policy without averring something more than is foreshadowed in his attorney's affidavit; but it is not necessary at the present time to pass upon that question. For the reasons above stated, the order ap·pealed from should be affirmed.

Order appealed from affirmed, with $10 costs and disbursements. All concur.