ant in fact ceased to be a stockholder does not change the result. No new indebtedness was thereby created. Payment of the original note was simply extended. Iron Co. v. Walker, 76 N. Y. 521. The defendant, having signed the notes as an officer of the company, thereby, as we have seen, certified to the fact that at the time he was a stockholder. This was a fact upon which a purchaser might safely rely. As defendant, by his act, misled, or may have misled, the plaintiff, upon plain principles he should not now be heard in denial of a fact to plaintiff's prejudice. Moss v. Averell, 10 N. Y. 459; Brown v. Torrey, 42 N. Y. Super. Ct. R. 1; Perkins v. Hatch, 4 Hun, 137. I see no distinction, in principle, between the enforcement of the doctrine of estoppel, where the irregularity of incorporation is sought to be shown, or the invalidity of a corporate act for lack of power, and where the officer, possessing the power, seeks to defeat the liability arising from its exercise, by proof of facts extrinsic of what the contract purports upon its face to be. If these views are correct, it follows that the exceptions should be sustained, and the motion for a new trial granted; costs to abide event.

<hr>

(4 Misc. Rep. 611; mem. report without opinion.)

FRY v. MANHATTAN TRUST CO. et al.

(Superior Court of New York City, General Term.     July 3, 1893.)

PLEADING—BILL OF PARTICULARS—WHEN REQUIRED.

 In an action by a promoter of financial and business companies against various persons and corporations on a special contract alleged to have been made by defendants to pay him a certain sum for various services rendered in bringing about the incorporation of a certain firm with a large capital, and associating defendants with the enterprise, out of which they realized large profits on the sale of stock, from which the sum claimed by plaintiff became payable, plaintiff will be required to give a bill of particulars showing whether any of the alleged agreements or requests for his services are in writing, and, if so, their date, tenor, and effect, and by whom signed; but he will not be required to give an itemized bill of the various services rendered by him, when, and how, and to whom rendered, or of the different requests made by defendants, or to specify by which of the defendants the requests were made.

Appeal from special term.

Action by Horace B. Fry against the Manhattan Trust Company, the United States Transfer & Exchange Association, Francis O. French, John I. Waterbury, John H. Davis, Jennings S. Cox, and Benjamin G. Talbert, said Davis, Cox, and Talbert composing firm of John H. Davis & Co., on a contract for services rendered. From an order granting in part and overruling in part their motion for a bill of particulars, defendants appeal. Affirmed.

For former report, see 22 N. Y. Supp. 386.

The following is the opinion of McADAM, J., at special term:

The plaintiff, a promoter of financial and business companies, sues to recover $59,000 on a special contract to pay him that amount for various services rendered by him in bringing about the incorporation of the firm of John B. Stetson & Co., with an authorized capital of $2,700,000, and for as-

sociating the defendants with the enterprise, out of which they realized large profits upon the sale of the stock, from which profits the $59,000 became payable. In other words, the defendants became a sort of syndicate to float the stock, and the moneys the members made were largely the result of the plaintiff's introduction, influence, and efforts. The defendants want an itemized bill of the various services rendered,—how, when, to whom; of the different requests made by the defendants, and which of them; whether oral or in writing, etc. The evident object of the bill is to limit the plaintiff's proofs at the trial. The action being on a special contract to pay a specific sum for particular services rendered, the items would not seem to be necessary. Their performance required successive acts, all contributing to a completion, and the plaintiff cannot be required to particularize each service so contributing. Johnson v. Mallory, 2 Rob. (N. Y.) 683; Betts v. Betts, 4 Abb. N. C. 324; Cady v. Potter, 55 Barb. 464. A party should never be required to make specification of matters which from their inherent character are not capable of exactitude, or which constitute evidence rather than substantiate facts. Another consideration is that the ordering of bills of particulars must be cautiously exercised, that the plaintiff may not be unreasonably embarrassed at the trial by being limited to the identical particulars stated. Many instances of this kind have occurred lately, where the parties had to be remitted to special term for relief. It is proper, therefore, to raise the danger signal. The motion will be granted so far as to require the plaintiff to specify whether any of the agreements or requests are in writing, and, if so, their date, tenor, and effect, and by whom signed. This is almost transcending the border line. In other respects the motion will be denied. No costs.

Argued before FREEDMAN, P. J., and GILDERSLEEVE, J.

Strong & Cadwalader, for appellants Manhattan Trust Co. and others.

Bartlett, Wilson & Hayden, for appellants Davis and others.

Leopold Wallach, for respondent.

PER CURIAM. The order appealed from is affirmed, with $10 costs and disbursements, on the opinion of the learned judge at special term.

---

(4 Misc. Rep. 603.)

POEN v. SCOTT.

(Common Pleas of New York City and County, General Term. August 9. 1893.)

RECORD ON APPEAL—SUFFICIENCY—RES JUDICATA.

 A judgment rendered for defendant, on the ground that plaintiff had already recovered on the same cause of action, will be reversed when no record of any such prior judgment appears in the return of the trial justice, and the return does not show that any such record was offered in evidence, or that any concession of the recovery of such judgment was made in behalf of plaintiff.

Appeal from eleventh district court.

Action for wages by Tekla Poen against George Scott. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Robert Goeller, for appellant.

George W. Galinger, for respondent.