CHURCH et al. v. HAEGER.

(Common Pleas of New York City and County, Special Term.  March 25, 1895.)

1. INJUNCTION—RECITAL OF GROUNDS.
    The omission in an injunction order to recite the grounds, as required by Code Civ. Proc. § 610, is a mere irregularity, and will be disregarded where the order states that it was made on a verified complaint and affidavit, copies of which, containing the grounds, were served on defendant with and referred to in the order.

2. SAME—AGAINST SALE OF CHATTELS OF PECULIAR VALUE.
    The sale of chattels will be enjoined where it appears that they were wedding presents, possessing a peculiar and special value aside from their regular market value, and that the sale would result in irreparable loss.

Action by George M. Church and another against Annie C. Haeger.  A temporary injunction was granted, and plaintiffs now move to continue the same, while defendant makes a cross motion to vacate it.  Injunction continued on condition.

Bernard J. Douras, for plaintiffs.

Jacob Fromme, for defendant.

GIEGERICH, J.  The omission in the injunction order to recite the grounds for the injunction, as required by section 610 of the Code, is a mere irregularity, and should be disregarded, as the order states that it was made on the verified complaint and the affidavit of William H. Howell, copies of which, containing the grounds on which the order was granted, were served with it on the defendant, and refers the defendant to them as therein stated.  Atlantic & P. Tel. Co. v. Baltimore & O. R. Co., 46 N. Y. Super. Ct. 377, 409, 410.  See Daly v. Amberg (Sup.) 13 N. Y. Supp. 379, 380.  The motion to vacate the order by reason of such omission is therefore denied.

It satisfactorily appearing from the papers submitted that many of the articles of personal property referred to in the complaint were wedding presents, possessing a peculiar and special value to the plaintiffs, aside from their general market value, and which could not be ascertained by any recognized standard, and that the sale of the same would result in irreparable loss, the motion to continue the injunction should be granted (Spel. Extr. Rel. p. 437, § 536), with $10 costs to abide the event.

The security given by the plaintiffs, however, is wholly insufficient, and they should, within five days after the entry of the order, give an undertaking in the sum of $3,000 that the plaintiffs will pay to the defendant such damages, not exceeding said sum, as she may sustain by reason of the injunction, if the court finally decides that the plaintiffs were not entitled thereto.  On giving such undertaking, the injunction is continued.  If the foregoing terms are not complied with, the motion to continue the injunction is denied, with $10 costs.  Order to be settled upon one day's notice.