DETERMINED IN THE

# THIRD DEPARTMENT

AT

# GENERAL TERM,

## July, 1895.

JESSIE H. BENDER, Respondent, v. HARRY H. BENDER, as Administrator, etc., of FRANKLIN W. BENDER, Deceased, Appellant.

*Bill of particulars — not ordered for the purpose of disclosing a possible defense — executed sealed instrument — estoppel as to the consideration thereof.*

The ignorance of an administrator as to whether his intestate owed a debt evidenced by a written admission of such indebtedness by the deceased, does not entitle him in an action brought to collect the same to a bill of particulars of the circumstances out of which the indebtedness arose.

The effect of a bill of particulars is either to enlarge or limit the scope of a complaint or counterclaim, and, in the absence of proof that there is a defense to the one or an answer to the other, a bill of particulars will not be ordered.

Where a motion for a bill of particulars is evidently made for the purpose of ascertaining whether by means thereof some defense may not be discovered, of which at the time the moving party has neither knowledge nor information, a bill of particulars will not be ordered.

Where an action is brought upon an executed sealed instrument, by which the defendant's intestate was estopped from denying the consideration of the instrument sued upon, his personal representative is likewise estopped from denying the same.

APPEAL by the defendant, Harry H. Bender, as administrator, etc., of Franklin H. Bender, deceased, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 20th day of April, 1895, denying the defendant's motion for a bill of particulars.

*Robert G. Scherer*, for the appellant.

*Marcus T. Hun*, for the respondent.

FURSMAN, J.:

This action is brought upon a sealed instrument, a copy of which is fully set out in the complaint. The instrument is signed by the defendant's intestate. In it he acknowledges an indebtedness of $1,000 to the plaintiff's assignor, and assigns to him sufficient of the moneys or property to which he may be entitled out of his father's estate at his death, to pay that sum, with interest, and directs the executors or administrators (as the case may be) to pay the same and charge such payment against his portion of such estate. The complaint avers the death of the father leaving a last will, and that the portion of his estate bequeathed to the maker of the instrument is more than sufficient to pay the claim represented thereby. The maker of this instrument is dead and the defendant is his administrator. Before answering, the defendant moved for a bill of particulars, which was denied, and this appeal is from the order denying such motion. The motion was made upon the complaint and upon an affidavit of the defendant which sets forth that he intends to defend the action, but is wholly ignorant of the particulars of the claim alleged in the complaint and has no means of acquiring knowledge thereof sufficient to enable him to answer. There is nothing whatever stated in this affidavit tending to show that the defendant supposes there is any defense to the cause of action set forth in the complaint. The paper upon which the action is brought is fully set forth in the complaint. It in terms confesses an indebtedness and is under seal. The mere ignorance of an administrator as to whether his intestate owed a debt evidenced by a written admission of the deceased does not entitle him to a bill of particulars of the circumstances out of which the indebtedness arose. (*Fry* v. *Manhattan Trust Company*, 53 N. Y. St. Repr. 566; *Husson* v. *Oppenheimer*, 45 id. 618, opinion of PRATT, J.; *Mertage* v. *Bennett*, 39 id. 367.)

There is no pretense in these papers that there is any defense to the cause of action set out in the complaint. This motion is evidently an attempt on the part of the defendant to ascertain whether, by means of a bill of particulars, some defense may not be discovered of which, at this time, the defendant has neither knowledge nor information. This is not the office of a bill of particulars. The

effect of a bill of particulars is either to enlarge or limit the scope of a complaint or counterclaim ; and, in the absence of proof that there is a defense to the one or an answer to the other, a bill of particulars is never compelled. Moreover, the defendant's intestate was estopped by his seal to deny consideration of the instrument sued upon, and his personal representative is likewise estopped. (*Talbert* v. *Storum,* 50 N. Y. St. Repr. 267, see page 269.)

The order should be affirmed, with ten dollars costs and printing disbursements.

PUTNAM, J., concurred; HERRICK, J., not acting.