(53 Misc. Rep. 10)

## TERRY v. GREEN.

(Supreme Court, Special Term, Herkimer County.   February, 1907.)

INJUNCTION—AFFIDAVIT—SUFFICIENCY.

Where an affidavit on which a preliminary injunction was granted was
not made by plaintiff, and no reason for his failure so to do was shown,
and the affidavit consisted of the conclusions of the attorney who made
it, and did not state the source of his information, and was not founded
on the complaint and summons, it should be vacated.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 321.]

Action by Horace A. Terry against Henry W. Green.   Motion by defendant to vacate injunction.   Injunction vacated

A. P. Brown, for the motion.
G. Garrett Robinson, opposed.

DEVENDORF, J.   This motion is made upon the plaintiff's papers
to vacate an injunction order granted herein.   The ground of the
motion is the infirmity of the affidavit upon which the order was
granted.   The following defects or irregularities appear:  The application
for the injunction was made ex parte, on an affidavit which failed
to state whether any previous application had been made for such injunction.
There is no venue in the affidavit.  The affidavit was not
made by the plaintiff, and no excuse for his failure to make the same
was shown.   The injunction order does not mention the summons and
complaint, and, if the complaint was used on the motion for the injunction,
then all the papers used or read on the motion were not specified
in the injunction order, according to rule 3 of the Supreme Court;
neither does the order recite the grounds for the injunction.   The undertaking,
executed in Otsego county, was not authenticated by the
certificate of the clerk of that county, and hence not proved as a deed
to be recorded in Oneida county, where the venue of the action is laid.

Rule 25 of the Supreme Court provides that the affidavit should
state whether any previous application has been made for the order
asked; but this is an irregularity which the court could disregard.
Bean v. Tonnelle, 24 Hun, 353; Pratt v. Bray, 10 Misc. Rep. 445,
31 N. Y. Supp. 465; Skinner v. Steele, 88 Hun, 307, 34 N. Y. Supp.
748.   Failure to state grounds for the injunction, as required by section
610, Code of Civil Procedure, is also an irregularity, and could
well be disregarded by the court if the injunction order were granted
on a sufficient verified complaint and affidavit, if copies thereof were
served on the defendant with the order.   Church v. Haeger (Com. Pl.)
33 N. Y. Supp. 47.

The fact that the affidavit upon which the injunction order was
granted was not made by the plaintiff, and no excuse for his failure to
make the same shown, presents a more serious question.   The attorney
does not state in this case any reason why the plaintiff did not
make the affidavit.   The affidavit is largely made up of conclusions,
and cannot be deemed, in that regard, to contain a statement of the
attorney's personal knowledge; but rather the plain inference is that

such attorney has not personal knowledge of the facts as to which he affirms.   Crowns v. Vail, 51 Hun, 204, 4 N. Y. Supp. 324.   I think the objection that the affidavit is fatally defective, not only in substance, but from the fact that it is made by the attorney and no reason given why it was not made by the plaintiff, is well taken.   Talbert v. Storum, 21 N. Y. Supp. 719, 66 Hun, 635; Pach v. Geoffroy, 19 N. Y. Supp. 583, 65 Hun, 619; Clark v. Sullivan, 8 N. Y. Supp. 565, 55 Hun, 604.

As stated, some of the defects in the plaintiff's papers, used on the application for the injunction order herein, could be passed over as irregularities; but, it appearing that the only paper referred to and mentioned in the injunction order, and on which it appears to have been based, is the affidavit of the plaintiff's attorney, and no reason being given why such affidavit was not made by the party, and the affidavit being necessarily largely upon information and belief, without stating the source, and failing in itself to be full and complete as to the necessary facts containing the alleged cause of action, and the grounds for the injunction not being recited, either in the injunction order or in the affidavit, and the summons and complaint not being made a part of the proceedings, are grounds for the vacating of the injunction so serious that they cannot be overlooked or disregarded by the court.

For the reasons above stated, I have come to the conclusion that the papers upon which the injunction order was obtained are entirely insufficient, and such order must therefore be vacated and set aside. An order will enter accordingly, with $10 costs to the defendant to abide the event.

Ordered accordingly.