(118 App Div. 91)

STANDARD MATERIALS CO. v. THOMAS B. BOWNE & SON CO.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

PLEADING—BILL OF PARTICULARS—TIME OF MOTION.

A motion for a bill of particulars on the ground that it was necessary to the defense was premature, where it was made before answer; and the fact that defendant was wholly ignorant of plaintiff's claim would not entitle him to such particulars, since under the express provisions of Code Civ. Proc. § 500, he was permitted to deny any knowledge or information sufficient to form a belief as to the allegations of the complaint.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 977.]

Appeal from Special Term, New York County.

Action by the Standard Materials Company against Thomas B. Bowne & Son Co. From an order directing plaintiff to serve a bill of particulars before answering, it appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and SCOTT, JJ.

Fox, Pierce & Rowe (Grant C. Fox, of counsel), for appellant.
Stillwell & Decker, for respondent.

CLARKE, J. The complaint alleges two causes of action—one for damages for wrongful refusal to accept certain bricks tendered under a contract of purchase and sale; and, second, for money laid out for the use and benefit of the defendant at his request. The defendant has not yet answered. The complaint sets up the contract in ipsissimis verbis, and alleges the acceptance of two deliveries thereunder, and upon certain specific dates the refusal by the defendant to accept three other duly tendered deliveries.

In American Credit Indemnity Co. v. Bondy, 17 App. Div. 328, 45 N. Y. Supp. 267, this court held that, where no answer has been served, a motion by the defendant for a bill of particulars, on the ground that it was necessary for his defense, must be denied, as it cannot be said that a defense will be made until an issue is raised by the service of an answer; and it was further held that such an order would not be granted to enable the defendant to answer, where he was wholly ignorant of the particulars of the plaintiff's claim, inasmuch as Code Civ. Proc. § 500, permits him to deny any knowledge or information sufficient to form a belief as to the allegations of the complaint. That case was followed upon both points by the Appellate Division in the Second Department in Hicks v. Eggleston, 95 App. Div. 162, 88 N. Y. Supp. 528, and Schultz v. Rubsam, 104 App. Div. 20, 93 N. Y. Supp. 334.

It follows, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.