(56 Misc. Rep. 331.)

### BAILEY et al. v. MAYER.

(Supreme Court, Special Term, Saratoga County. November, 1907.)

1. PLEADING—BILL OF PARTICULARS—PERSONAL INJURIES.

In an action to recover for injuries caused by defendant's automobile while operated by a servant, a motion, before answer, for a bill of particulars to enable defendant to answer, will be denied, where defendant denies all knowledge as to the matters alleged in the complaint.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 954-962, 972, 973.]

2. SAME—PREMATURE APPLICATION.

　　A motion for bill of particulars in a personal injury action in order to prepare for trial is premature, when made before answer filed.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 975.]

Actions by James M. Bailey and by Eldridge S. Adams against Mark A. Mayer. On motions for bill of particulars. Denied.

Rockwood & Salisbury, for the motions.
Edgar T. Brackett, opposed.

SPENCER, J. These are actions by different plaintiffs against the same defendant to recover damages for personal injuries alleged to have been occasioned by defendant's automobile while operated by his servant. The defendant, before answer, applies for a bill of particulars in each case, on the ground that such particulars are necessary in order to enable him to answer and to prepare for trial.

There can be no doubt that this court has unlimited power to require the delivery of bills of particulars as to pleadings at any time and for any purpose. Code Civ. Proc. § 500; 1 Nichols, Pr. 950. No restrictions have been placed upon the exercise of this power, except those which the court has imposed upon itself. Among these are two, which have operation here and are to the effect that applications for bills of particulars, in order to prepare for trial, are premature, if made before issue, and that such applications in order to plead are unnecessary if the applicants may by any method plead without the aid of the particulars sought. In other words, the courts have held that an applicant for a bill of particulars for either of the above-mentioned purposes must satisfy the court that the same is immediately necessary. The following decisions are among those which may be cited as supporting the foregoing propositions: Bender v. Bender, 88 Hun, 448, 34 N. Y. Supp. 876; Watertown Paper Co. v. West, 3 App. Div. 451, 38 N. Y. Supp. 229; American Credit Indemnity Co. v. Bondy, 17 App. Div. 328, 45 N. Y. Supp. 267; Hicks v. Eggleston, 95 App. Div. 162, 88 N. Y. Supp. 528; Markham v. Shue, 98 App. Div. 635, 90 N. Y. Supp. 1105; Davis v. Wende, 100 App. Div. 509, 91 N. Y. Supp. 1092; Schultz v. Rubsam, 104 App. Div. 20, 93 N. Y. Supp. 334; Powers v. Hughes, 39 N. Y. Super. Ct. 482; Standard Materials Co. v. Bowen & Son Co., 118 App. Div. 91, 103 N. Y. Supp. 12.

The defendant here denies all knowledge concerning the matters alleged in the complaints, and is, therefore, in a happy position to deny them under the generous provisions of section 500, Code of Civil Procedure, which permits him to directly deny those allegations he knows are not true, to deny those which from information he believes are not true, and to deny those in respect to which he has not any information sufficient to form a belief. Therefore, in accordance with the practice as indicated by the decisions, he should not apply for bills of particulars for either purpose until he has answered the complaints. The decisions cited, with one exception, are from other departments, and the contention is made that they do not express the practice in the Third department in respect to bills of particulars in order to enable

a party to plead; and I am referred to the recent decision of Washburn v. Graves, 117 App. Div. 343, 101 N. Y. Supp. 1043, as supporting that contention. But in that case the motion was made after reply, and hence the present question did not arise. In Bender v. Bender, supra, of this department, the party seeking the bill of particulars alleged in his moving papers that he intended to defend the action and that he was wholly ignorant of the particulars alleged in the complaint and had no means of acquiring knowledge thereof sufficient to enable him to answer; and the court held that such ignorance did not entitle him to a bill of párticulars and cited several authorities in support of its position. By careful research, I have not found any decision on this subject in this department in conflict with those elsewhere, nor any intimation of a different view.

In the absence of a clear departure therefrom by the Appellate Division of this department, these decisions of other departments are controlling as to this court. Furthermore, the practice should be uniform throughout the state. The defendant's motions are premature, and must, therefore, be denied, with costs.

Ordered accordingly.