ESTHER HAYES, Respondent, *v.* ST. MARY'S LODGING HOUSE,
Appellant.

*Bill of particulars — not granted for the purpose of compelling the disclosure of evidence.*

In an action brought to recover a sum of money alleged to be due on account of two loans made to the defendant, the answer alleged that the defendant was a charitable institution, and that prior to a certain date the plaintiff was connected with such institution as assistant superintendent; that through the confidential relations which she sustained to its managers, she was allowed to receive and control money received for its benefit; that said plaintiff used the funds so received by her to an amount in excess of her claim against said institution without the knowledge or consent of the defendant, and wrongfully invested such funds in the purchase of real property, the title to which was taken in her name. That the loans alleged by the plaintiff to have been made by her to the defendant were made from the money received by her from mortgages which she had made covering the real property purchased with the funds of the defendant. The answer also alleged that she had never accounted to the defendant for the moneys which she had so received, and had refused to convey to the defendant the property purchased by her, which she had agreed to do. That an action was then pending to compel the plaintiff to account for the funds received by her and to compel her to convey to the defendant the real property purchased by her with the funds of the institution.·

An order was granted directing the defendant to furnish a bill of particulars stating each specific sum of its money which it claimed the plaintiff had received, the date when it claimed each sum was so received, and the person or persons from whom it claimed each sum was so received.

*Held,* that such order should be reversed; that the accusation against the plaintiff was distinct and the charge plain; that she knew perfectly well what claim the defendant made against her; that what was really desired was to ascertain what proofs the defendant intended to introduce against her; that such was not the office of a bill of particulars, and that the defendant was under no obligation to furnish the evidence in advance of the trial.

APPEAL by the defendant, St. Mary's Lodging House, from an order* of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 30th day of April, 1895, directing that the defendant make and serve upon the attorneys for the plaintiff a bill of particulars of its claim.

*David McClure,* for the appellant.

*Spink & Martin,* for the respondent.

Dykman, J.:

This is an appeal from an order directing the defendant to serve a bill of particulars.

The action is brought for the recovery of the sum of $3,000 alleged to be due the plaintiff on account of two loans made to the defendant. The answer alleges that the defendant is a charitable institution; that for about six years prior to March, 1893, the plaintiff was connected with the Home as assistant superintendent, and through the confidential relations which she sustained to its managers she was allowed to receive and control money received for the benefit of the Home. That on. or about the 20th day of May, 1891, the plaintiff used the funds so received by her, which were known to her to be the funds of the defendant, amounting to the sum of $8,500, without the knowledge or consent of the defendant, and wrongfully invested such funds in the purchase of real property in the city of Brooklyn, the title to which was taken in her own name.

That the plaintiff purchased the said real property with the funds so received by her for the benefit of the defendant, and that the loans mentioned in the complaint were made from the money received by the plaintiff from mortgages which she made on the real property which she so purchased with the funds of the defendant.

It is also alleged in the answer that the plaintiff never accounted to the defendant for the moneys which she so received, and that she has refused to convey to the defendant the property purchased by her as she had agreed to do. That an action is now pending to compel the plaintiff to account for the funds received by her, and to compel her to convey to the defendant the real property purchased by her as aforesaid.

The order from which the appeal is taken required the defendant to furnish a bill of particulars specifying: *First.* Each specific sum of its money which it claims the plaintiff received. *Second.* The date when it claims each sum was so received. *Third.* The person or persons from whom it claims each sum was so received.

While it is true that the plaintiff is charged with receiving money from the defendant, yet no claim is made against her by way of counterclaim, and the defendant makes no demand for

judgment against her. The allegations in the answer are made to show that trust relations existed between the parties. That the plaintiff had used the money of the defendant to purchase real property, which she had mortgaged to raise the money she loaned to the defendant. That the money so loaned belonged in equity to the defendant, and, therefore, cannot be recovered from it. If this defense fails, the plaintiff will recover, because there is no denial of the loans. Moreover, if the affidavit of the plaintiff that the charges made against her in the answer are each and all absolutely and unqualifiedly false be true, then they cannot be proven.

If they are true the plaintiff knows the amounts of money she received, and the times when, and the persons from whom they were received, as well as the defendant, and there is no reason why the defendant should be embarrassed upon the trial by confinement to minute specifications of its proofs.

The accusation against the plaintiff is distinct and the charge is plain. She knows perfectly well what claim the defendant makes against her, but what she really desires is to ascertain what proofs the defendant intends to introduce against her. That is not the office of a bill of particulars, and the defendant is under no obligation to furnish the evidence in advance of the trial.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

BROWN, P. J., and PRATT, J., concurred.

Order reversed, with ten dollars costs and disbursements.