(8 App.. Div 304)

MORRILL v. KAZIS.

(Supreme Court, Appellate Division, First Department. July 31, 1896.)

PLEADING—BILL OF PARTICULARS.
    In an action for breach of a contract by which defendant agreed to purchase cigarettes from plaintiff, including any which plaintiff had sold and which might be returned to him by the purchaser prior to a certain date, defendant does not, in order to answer, require a bill of particulars stating the name and address of each purchaser returning any cigarettes, the date of their purchase and return, and the number of each brand returned.

Appeal from special term, New York county.

Action by Frank T. Morrill against Demetrius Kazis on a contract for the sale of a cigarette business. From an order requiring plaintiff to serve a bill of particulars, plaintiff appeals. Reversed.

Argued before BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

William R. Bronk, for appellant.
Eustis, Foster & Coleman, for respondent.

PER CURIAM. The only ground upon which the bill of particulars was applied for was that it was necessary to enable the defendant to answer. It was not necessary for that purpose. The action is for a breach of a contract to take and pay for certain cigarettes sold by the plaintiff to the defendant and one Timayenis under a written contract. The plaintiff alleges the making of the contract in writing, and that under it the plaintiff sold to the defendant, and the defendant purchased and promised to pay for, all the right, title, and interest of the plaintiff in and to the business conducted under the name of Egyptian Harem Cigarette Company; the sale including all cigarettes theretofore manufactured, and all tin and paper boxes and cigarette paper then in stock, at the prices and for the sums in the agreement mentioned. The complaint further alleges that the plaintiff kept and fully performed all the conditions of the contract, and prior to the 31st of March, 1896, the plaintiff delivered to the defendant, and the defendant received and

paid for, under the said agreement, 125,000 of the cigarettes manufactured and on hand in said business at the time of the making of said contract, and that the plaintiff was ready and willing at all times to deliver all of said cigarettes, prior to December 31, 1895, but that the defendant was not ready or willing to receive or pay for the same. It is further alleged in the complaint that the defendant agreed to purchase and take from the plaintiff any and all of the cigarettes, of the brands specified in said contract, which might be returned to the plaintiff prior to the 31st day of March, 1896, by any dealer or other person who might have purchased the same prior to August 15, 1895, and to pay for the same at the respective rates per 1,000 specified in said contract. It is further alleged that on the 1st of April, 1896, the plaintiff had in his possession, of the cigarettes which the defendant agreed to purchase, a certain amount, partly consisting of those manufactured and on hand on August 15, 1895, and partly of cigarettes which had been returned prior to March, 1896, by dealers or persons who had purchased the same prior to the 15th day of August. The amounts and brands of these cigarettes are stated. They aggregate 61,550, amounting in the value to $551.27. The breach of the contract to purchase is then alleged, and that the defendant refused and neglected to pay for the balance of cigarettes then on hand, and they also refused to pay for the cigarettes returned; and a money judgment for damages is demanded. The order appealed from required the plaintiff to furnish a bill of particulars stating, as to the cigarettes sued for, the number of each brand manufactured and on hand August 15, 1895, and the name and address of the purchaser returning any cigarettes sued for, the date of their purchase and return, and the number of each brand returned by said several purchasers severally. This order was made upon an affidavit in which the moving party stated that he had no knowledge or information or means of ascertaining the items included in plaintiff's claims, and cannot intelligently answer until informed who made such alleged returns, and can investigate the justice of the claims based thereon by plaintiff.

It seems to be obvious that the only purpose of making an application of this kind was to enable the defendant to get from the plaintiff the evidence intended to be used on the trial. That such is not the office of a bill of particulars, it is unnecessary to argue. In Hayes v. Lodging House, 89 Hun, 28, 34 N. Y. Supp. 996; Bender v. Bender, 88 Hun, 449, 34 N. Y. Supp. 876; and in Newell v. Butler, 38 Hun, 104,—that practice was condemned. It was not necessary, in any way, to enable the defendant to answer the complaint, that he should have the information sought to be obtained. It was entirely competent for the defendant to answer, denying upon information and belief either of the matters upon which the plaintiff's cause of action was based. The purpose of an answer is to raise an issue; and to say that the defendant, in order to raise an issue, must be informed by the plaintiff of all the evidence that he has to support each and every particular item of what apparently would constitute a long account, is an absurdity. The Code of

Civil Procedure expressly provides the form in which an answer may be made, where the party does not possess the information to enable him positively to contradict an averment of the complaint.

The order appealed from should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs.