(17 App. Div. 328.)

AMERICAN CREDIT INDEMNITY CO. OF NEW YORK v. BONDY.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

PLEADING—BILL OF PARTICULARS—PREMATURE ORDER.
    An order for a bill of particulars is premature where it is made before answer, on the ground that it is necessary and material to the defense.

Appeal from special term, New York county.

Action by the American Credit Indemnity Company of New York against Simon M. Bondy for libel. From an order granting a bill of particulars as to certain allegations in the complaint, plaintiff appeals. Reversed.

Argued before WILLIAMS, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

John V. Bouvier, Jr., for appellant.
S. L. Samuels, for respondent.

WILLIAMS, J. The action was brought to recover damages for an alleged libel. The bill of particulars granted was with refer-

ence to certain allegations of special damage. . No answer had been served when the order appealed from was made. The plaintiff stated in his affidavit used on the motion that a bill of particulars was necessary and material to his defense in the case, and to enable him to answer, as he was advised by his counsel. The order was prematurely granted, if based upon the ground that it was necessary for the purpose of the defense of the case. It could not be said any defense would be made until an issue was raised by the service of an answer. The order cannot be supported upon this ground. Paper Co. v. West, 3 App. Div. 451, 38 N. Y. Supp. 229. The only ground upon which the order could be made was that it was necessary to enable the defendant to answer. The defendant stated that he was advised by counsel that it was so necessary, but we are of the opinion that such advice was not well considered. The defendant stated that he was ignorant of the particulars of the losses alleged, and had no means of knowing of any losses suffered by the plaintiff. This being assumed as true, we see no reason why he could not, without a bill of particulars, have denied any knowledge or information sufficient to form a belief as to the allegations in question. Code Civ. Proc. § 500. That section did not require him to deny on information and belief. He might properly deny in the language of the section, and was not obliged to go further.

We think this order was improperly granted, and should be reversed, with $10 costs and disbursements. All concur.