### McCLELLAN et al. v. DUNCOMBE.

(Supreme Court, Appellate Division, Second Department. February 11, 1898.)

BILL OF PARTICULARS.

    Where, pending decision of a defendant's motion for a bill of particulars, based solely upon its alleged necessity in order to enable defendant to answer, an intermediate motion to extend the time to answer was denied, on the theory that no bill of particulars was required for the purpose stated, and an answer was accordingly served, *held*, that the principal motion could not thereafter be granted in order to enable defendant to prepare for trial, for the papers showed no necessity for a bill of particulars for the latter purpose.

Appeal from special term.

Action by Clarence S. McClellan and others against Naomi Duncombe. From an order directing plaintiffs to furnish a bill of particulars, they appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William L. Snyder, for appellants.
Roger M. Sherman, for respondent.

WOODWARD, J. The plaintiffs bring this action against this defendant for the purpose of collecting a bill for services alleged to have been rendered the defendant in connection with the probate of the will, and the settlement of the estate, of the husband of the defendant. The defendant, before answering, made application for an order compelling the plaintiffs to furnish a bill of particulars, alleging in her affidavit that the information which she demanded

was necessary in making her answer to the complaint.    This appli-
cation for an order to furnish a bill of particulars was accompanied
by a request for an extension of time in which to answer.    This the
court refused to grant, and the answer was served within the time
required by the practice of this court.    Subsequently the special
term granted the order for a bill of particulars, accompanying it
with the following opinion:

"It has been decided that a bill of particulars was not needed as a preliminary
to putting in answer.   A motion which, in effect, seeks to review this result, is
not proper.   A bill of particulars is proper, however, on proceeding in this action,
to enable the defendant to prepare for trial; and the application for such bill
of particulars is granted.   If, from the bill, a good ground is made apparent
for an amendment to the answer, application can be made on motion for leave
to amend.   No costs."

The defendant asked for a bill of particulars, asserting in her
affidavit that it was necessary to enable her to answer.    She made
no pretense that a bill of particulars was necessary on the trial of
the action, and there was nothing before the court to justify the
granting of an order the necessity for which had not been asserted.
The case of Indemnity Co. v. Bondy, 17 App. Div. 328, 45 N. Y. Supp.
267, is practically conclusive on this point.    Justice Williams, de-
livering the opinion of the court, says:

"The action was brought to recover damages for an alleged libel.   The bill
of particulars granted was with reference to certain allegations of special dam-
age.   No answer had been served when the order appealed from was made.
The defendant stated, in his affidavit used on the motion, that a bill of particu-
lars was necessary and material to his defense in the case, and to enable him to
answer, as he was advised by his counsel.   The order was prematurely granted
if based upon the ground that it was necessary for the purpose of the defense
of the case.   It could not be said any defense would be made until an issue was
raised by the service of an answer.  The order cannot be supported on this
ground.   Paper Co. v. West, 3 App. Div. 451, 38 N. Y. Supp. 229.   The only
ground upon which the order could be made was that it was necessary to enable
the defendant to answer.   The defendant stated that he was advised by counsel
that it was so necessary, but we are of the opinion that such advice was not
well considered.   The defendant stated that he was ignorant of the particulars
of the losses alleged, and had no means of knowing of any losses suffered by the
plaintiff.   This being assumed as true, we see no reason why he could not, with-
out a bill of particulars, have denied any knowledge or information sufficient
to form a belief as to the allegations in question.   Code Civ. Proc. § 500.   That
section did not require him to deny on information and belief.   He might prop-
erly deny in the language of the section, and was not obliged to go further."

In the case at bar the only ground on which the order could be
made was that it was necessary to enable her to answer, because
that was the only ground on which it was asked; and, it having
been decided that the bill of particulars was not necessary to en-
able her to answer, there was nothing before the court for it to act
upon.

"It seems to be obvious," says the court in the case of Morrill v. Kazis, 8 App.
Div. 304, 40 N. Y. Supp. 954, "that the only purpose of making an application
of this kind was to enable the defendant to get from the plaintiff the evidence
intended to be used on the trial.   That such is not the office of a bill of particu-
lars it is unnecessary to argue.   In Hayes v. Lodging House, 89 Hun, 27, 34
N. Y. Supp. 996, Bender v. Bender, 88 Hun, 449, 34 N. Y. Supp. 876, and
Newell v. Butler, 38 Hun, 104, that practice was condemned.   It was not nec-
essary in any way, to enable the defendant to answer the complaint, that he

should have the information sought to be obtained. It was entirely competent for the defendant to answer, denying upon information and belief either of the matters upon which the plaintiff's cause of action was based. The purpose of an answer is to raise an issue; and to say that the defendant, in order to raise an issue, must be informed by the plaintiff of all the evidence that he has to support each and every particular item of what apparently would constitute a long account, is an absurdity. The Code of Civil Procedure expressly provides the form in which an answer may be made, where the party does not possess the information to enable him positively to contradict an averment of the complaint."

This is precisely the condition which surrounds the defendant in the case at bar. The plaintiffs allege that she owes them for services ranging over a period of three years. She demands a bill of particulars setting out in detail the days and dates on which the service was rendered. Obviously, this information is not necessary to an answer; and, as it was only to enable the defendant to answer that a bill of particulars was demanded, there can be no justification for the granting of such an order upon the papers before the court, now that the answer has been put in and the issues have been made. That a bill of particulars may become necessary during the litigation, and that such an order may be entirely proper upon a motion setting forth the facts, it is no part of the duty of this court to deny; but, upon the case now before us, there can be little doubt that the court below was in error in granting the order for a bill of particulars.

The order is reversed, with costs. All concur.