CLARENCE S. McCLELLAN and THOMAS R. HODGE, Appellants, *v.* NAOMI DUNCOMBE, Respondent.

*Bill of particulars, applied for on the ground that it is necessary to enable the defendant to answer — it cannot be granted upon the ground that it is necessary to enable the defendant to prepare for trial.*

Where, pending the decision of a motion, made by the defendant in an action, for a bill of particulars of the matters alleged in the complaint, upon the ground that it is necessary to enable the defendant to answer, the answer is served (an application for an extension of time to answer having been refused), the court has no power to order the plaintiff to serve a bill of particulars upon the ground that it is necessary to enable the defendant to prepare for trial.

APPEAL by the plaintiffs, Clarence S. McClellan and another, from an order of the Supreme Court, made at the Dutchess County Special Term and entered in the office of the clerk of the county of Westchester on the 29th day of July, 1897, granting the defendant's motion for a bill of particulars.

*William L. Snyder,* for the appellants.

*Roger M. Sherman,* for the respondent.

WOODWARD, J. :

The plaintiffs bring this action against this defendant for the purpose of collecting a bill for services alleged to have been rendered the defendant in connection with the probate of the will, and the settlement of the estate, of the husband of the defendant. The defendant, before answering, made application for an order compelling the plaintiffs to furnish a bill of particulars, alleging in her affidavit that the information which she demanded was necessary in making her answer to the complaint. This application for an order to furnish a bill of particulars was accompanied by a request for an extension of time in which to answer. This the court refused to grant, and the answer was served within the time required by the practice of this court. Subsequently, the Special Term granted the order for a bill of particulars, accompanying it with the following opinion :

" It has been decided that a bill of particulars was not needed as a preliminary to putting in answer. A motion which in effect seeks to review this result is not proper.

'A bill of particulars is proper, however, on proceeding in this action, to enable the defendant to prepare for trial, and 'the application for such bill of particulars is granted.

" If from the bill a good ground is made apparent for an amendment to the answer, application can be made on motion for leave to amend. No costs."

The defendant asked for a bill of particulars, asserting in her affidavit that it was necessary to enable her to answer. She made no pretense that a bill of particulars was necessary on the trial of the action, and there was nothing before the court to justify the granting of an order the necessity for which had not been asserted. The case of *The American Credit Indemnity Company* v. *Bondy* (17 App. Div. 328) is practically conclusive on this point. Justice WILLIAMS, delivering the opinion of the court, says : " The action was brought to recover damages for an alleged libel. The bill of particulars granted was with reference to certain allegations of special damage. No answer had been served when the order appealed from was made. The defendant stated in his affidavit used on the motion that a bill of particulars was necessary and material to his defense in the case, and to enable him to answer, *as he was advised by his counsel.*

" The order was prematurely granted if based upon the ground that it was necessary for the purpose of the defense of the case. It could not be said any defense would be made until an issue was raised by the service of an answer. The order cannot be supported upon this ground." (*Watertown Paper Co.* v. *West*, 3 App. Div. 451.)

" The only ground upon which the order could be made was, that it was necessary to enable the defendant to answer. The defendant stated that he was advised by counsel that it *was* so necessary, but we are of the opinion that such advice was not well considered. The defendant stated that he was ignorant of the particulars of the losses alleged, and had no means of knowing of any losses suffered by the plaintiff. This being assumed as true, we see no reason why he could not, without a bill of particulars, have denied any knowledge or information sufficient to form a belief as to the allegations in question. (Code Civ. Proc. § 500.) That section did not require him to *deny on information and belief*. He might properly deny in the language of the section, and was not obliged to go further."

In the case at bar the only ground on which the order could be made was, that it was necessary to enable the defendant to answer, because that was the only ground on which it was asked, and it having been decided that the bill of particulars was not necessary to enable her to answer, there was nothing before the court for it to act upon.

" It seems to be obvious," say the court in the case of *Morrill* v. *Kazis* (8 App. Div. 304), " that the only purpose of making an application of this kind· was to enable the defendant to get from the plaintiff the evidence intended to be used on the trial. That such is not the office of a bill of particulars it is unnecessary to argue. In *Hayes* v. *St. Mary's Lodging House* (89 Hun, 27); *Bender* v. *Bender* (88 id. 449), and in *Newell* v. *Butler* (38 id. 104), that practice was condemned. It was not necessary in any way to enable the defendant to answer the complaint that he should have the information sought to be obtained. It was entirely competent for the defendant to answer, denying upon information and belief either of the matters upon which the plaintiff's cause of action was based. The purpose of an answer is to raise an issue; and, to say that the defendant, in order to raise an issue, must be informed by the plain-

tiff of all the evidence that he has to support each and every particular item of what apparently would constitute a long account, is an absurdity. The Code of Civil Procedure expressly provides the form in which an answer may be made where the party does not possess the information to enable him positively to contradict an averment of the complaint."

This is precisely the condition which surrounds the defendant in the case at bar. The plaintiffs allege that she owes them for services ranging over a period of three years. She demands a bill of particulars setting out in detail the days and dates on which the service was rendered. Obviously this information is not necessary to an answer, and, as it was only to enable the defendant to answer that a bill of particulars was demanded, there can be no justification for the granting of such an order upon the papers before the court, now that the answer has been put in and the issues have been made. That a bill of particulars may become necessary during the litigation, and that such an order may be entirely proper upon a motion setting forth the facts, it is no part of the duty of this court to deny, but, upon the case now before us, there can be little doubt that the court below was in error in granting the order for a bill of particulars.

The order is reversed, with costs.

All concurred.

Order reversed, with ten dollars costs and disbursements.