(28 Misc. Rep. 441.)

## JACOBS v. FREIDMAN.

(City Court of New York, General Term.   July 3, 1899.)

1. PLEADING—BILL OF PARTICULARS—AFFIDAVIT.
   A bill of particulars will not be ordered upon an affidavit of defendant's counsel which does not disclose why defendant himself does not make it, nor an absence of knowledge on the part of either defendant or affiant of the particulars of plaintiff's claim.

2. SAME—ANSWER.
   A bill of particulars will not be ordered before service of answer.

Appeal from special term.

Action by Harry C. Jacobs against Max B. Freidman. From an order granting defendant an extension of time to answer till three days after service of a bill of particulars of plaintiff's claim, plaintiff appeals.   Reversed.

Argued before CONLAN and HASCALL, JJ.

Otto Horwitz, for appellant.

J. P. Solomon, for respondent.

HASCALL, J.   This appeal brings up for review an order of the special term granting defendant extension of time in which to answer for three days after service of a bill of particulars of plaintiff's claim.   The order was made upon the usual direction to show cause, with a stay.   It appears that the only affidavit submitted to the special term, and upon which the order appealed from is grounded, was made by the attorney for the defendant, without disclosing why the proper affidavit could not be made by the party himself.   It shows no absence of knowledge on the part of either defendant or his attorney of the particulars constituting plaintiff's claim.   We think, therefore, that the well-considered opinion of the general term of the supreme court (Dueber Watch-Case Mfg. Co. v. Keystone Watch-Case Co.), quoted from 21 N. Y. Supp. 342, and other authorities therein set forth, should compel a reversal of the order appealed from in the case at bar.   But, if other reason were necessary, it may be found in the fact that a bill of particulars will not be ordered before service of answer (Indemnity Co. v. Bondy, 17 App. Div. 328, 45 N. Y. Supp. 267), and that a party will not be required to furnish the bill upon mere demand.   To be sure, in the majority of cases, the practice obtains for the attorney to supply his adversary with the particulars upon request being made; but, where it is neglected or declined, the proper practice, by the party desiring to avail himself of the absence of the bill, must obtain by motion and order for the particulars, before the party in default will be precluded from giving evidence of his account at the trial.

Order appealed from should be reversed, with costs.

CONLAN, J., concurs.