(65 App. Div. 29.)

## WOLF v. KAUFMAN.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

1. BILL OF PARTICULARS—GROUNDS FOR REFUSAL.

> On an application for a bill of particulars to enable defendant to plead, where the affidavit of his attorney states in terms that defendant has fully stated his case, and that he has advised him that he has a good defense on the merits, the bill should be refused as unnecessary.

2. SAME—AFFIDAVIT OF ATTORNEY—SUFFICIENCY.

> On an application for a bill of particulars to enable defendant to plead, an affidavit by his attorney, stating that defendant is not now within the city, county, and state of New York, is insufficient as a statement showing the defendant's inability to make the affidavit in person.

Appeal from special term, New York county.

Action by William Almon Wolf against Charles Kaufman. From an order granting a motion for a bill of particulars of plaintiff's cause of action, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

J. Aspinwall Hodge, Jr., for appellant.

Morris J. Hirsch, for respondent.

PER CURIAM. Two conclusive reasons appear why this order should be reversed:

1. The affidavit which is made by the attorney for the defendant states in terms that the defendant has fully and fairly stated his case, and that he has advised him that he has a good and substantial defense upon the merits. This application is for a bill of particulars to enable the defendant to plead; but, if his attorney has become possessed, as he swears he is, of sufficient facts showing a good defense to plaintiff's cause of action, then he does not need a bill of particulars to enable him to plead.

2. The affidavit is made by the attorney, and his statement of the reason why he makes it, instead of the defendant, is that the latter is not now within the city, county, and state of New York, where deponent resides. This is entirely insufficient as a statement showing the inability of the defendant to make the affidavit in person. It would be entirely true if the defendant had crossed the river into Jersey City, and returned immediately after the affidavit was made. Applications of this character are required to be made by the party, and the observations made by Mr. Justice Bartlett on Hoeninghaus v. Chaleyer (Sup.) 4 N. Y. Supp. 814, have appropriate application to the facts presented upon this appeal. The bill of particulars which has been served seems to be insufficient in specifications, and quite likely the defendant may show himself entitled to a further bill before the trial of the action.

It follows that the order should be reversed, with $10 costs and disbursements to the appellant, and motion denied, with $10 costs.

INGRAHAM, J., concurs in result.