ment as to its contents of the one to be benefited by the signature, and upon a mistaken belief as to what it contains and in reliance upon the said representation, the failure to read the contract does not inhibit its reformation at the instance of the one defrauded. In this case the plaintiff's testimony is that he believed and was informed by the defendant's agent that the paper signed was to cover the damages from cutting an apple tree which interfered with the defendant's wires; that he did not expect he was granting to defendant the right to construct and maintain its lines anywhere upon his farm it might elect, regardless of the damages flowing from such invasion; that he did not have his glasses with him, and consequently was unable to read the paper which he signed, and relied upon the statement made to him by the agent of the defendant as to what the paper contained. The fact that he did not read the paper may be a potential circumstance in impairing his credibility; but we think, as the case is now presented, the testimony is sufficient to bring the case within the rule to which we have adverted, and is made a question of fact for a jury to determine. Nor can we assent to the doctrine, invoked on behalf of the defendant, that the long acquiescence in the location of the poles estops the plaintiff from maintaining this action. Both parties were apparently long quiescent. The defendant for some reason in 1897, according to its position, endeavored to acquire a right to maintain its lines across the lands of the plaintiff, presumably because none then existed. That endeavor was shortly followed by this agreement. The decision of the court of appeals in 1894 in Eels v. Telephone & Telegraph Co., 143 N. Y. 133, 38 N. E. 202, 25 L. R. A. 640, also an action of ejectment, deciding that the erection of poles in a country highway without the consent of the owner of the fee was an unlawful appropriation of the highway, and not within the public easement, and ejectment for their removal would lie, may have spurred both parties to action. However that may be, the plaintiff has not rested so long upon his rights that he can be held to be estopped from recovering whatever damages he may have sustained, unless the contract in evidence cuts him off. The poles were originally placed without his knowledge, and it is not, therefore, a case of the owner permitting them to be placed and the expense to be incurred without objection. The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

HISCOCK, J., concurs.

---

WILLIAMSON, Respondent, **v.** PRESS PUB. CO., Appellant. (Supreme Court, Appellate Division, First Department. May 23, 1902.) Action by Frederick Williamson against the Press Publishing Company. J. W. Gerard, for appellant. E. G. Benedict, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

WILSON et al. **v.** CAMPBELL et al. (Supreme Court, Appellate Division, First Department. May 16, 1902.) Action by John W. Wilson and another against Thomas C. Campbell and another. No opinion. Motion granted, with $10 costs.

---

WILSON **v.** MAGIE et al. RANDALL, Appellant, **v.** WILSON, Respondent. (Supreme Court, Appellate Division, Second Department. April 18, 1902.) Actions by John Wilson against William E. Magie and Charlotte Wilson, as executors, etc., and others, and by Samuel H. Randall, as attorney, etc., of John Wilson, against John Wilson. No opinion. Appeal dismissed, with $10 costs and disbursements.

---

WILSON **v.** MAGIE et al. RANDALL, Appellant, **v.** WILSON, Respondent. (Supreme Court, Appellate Division, Second Department. April 18, 1902.) Actions by John Wilson against William E. Magie and Charlotte Wilson, as executors, etc., and others, and by Samuel H. Randall, as attorney, etc., of John Wilson, against John Wilson. No opinion. Motion to dismiss appeal granted, without costs.

---

WILSON **v.** MAGIE et al. RANDALL, Appellant, **v.** WILSON, Respondent. (Supreme Court, Appellate Division, Second Department. April 18, 1902.) Actions by John Wilson against William E. Magie and Charlotte Wilson, as executors, etc., and others, and by Samuel H. Randall, as attorney, etc., of John Wilson, against John Wilson. No opinion. Order affirmed, with $10 costs and disbursements.

---

WOLFF, Appellant, **v.** KAUFMAN, Respondent. (Supreme Court, Appellate Division, First Department. May 9, 1902.) Action by William A. Wolff against Charles Kaufman. J. A. Hodge, Jr., for appellant. M. J. Hirsch, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. See 72 N. Y. Supp. 500.

---

WORMSOR **v.** METROPOLITAN ST. RY. CO. et al. (Supreme Court, Appellate Division, First Department. June 6, 1902.) Suit for injunction by Isodore Wormsor, Jr., against the Metropolitan Street Railway Company and another. From an order denying a motion to continue an injunction pendente lite (76 N. Y. Supp. 151), plaintiff appeals. Affirmed. E. Ellory Anderson, for appellant. Charles F. Brown, for respondents.

McLAUGHLIN, J. The facts set forth in the papers on appeal in this case are substantially the same as those set forth in the papers on appeal in Content v. Same Defendants (decided herewith) 76 N. Y. Supp. 749; and, for