(74 App. Div. 380.)

### SINGER v. NEW YORK TIMES CO.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. LIBEL—BILL OF PARTICULARS.
 Plaintiff in libel cannot be required to furnish a bill of particulars specifying which portion of the objectionable publication he deems to be false, and which part he deems to be true.

2. SAME.
 A bill of particulars to enable defendant in libel to plead should be refused, as unnecessary, where it makes affidavit that it has a defense on the merits, as advised by counsel, and also that it is able to justify in part, at least, the truth of the article.

3. SAME—COMPLAINT—DEFINITENESS.
 A complaint in libel, setting forth the whole of the objectionable article, and averring that the whole is false and defamatory, is sufficiently definite and certain.

Appeal from special term, New York county.

Action by Mendel Singer against the New York Times Company. From an order directing plaintiff to serve a bill of particulars, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Frank E. Blackwell, for appellant.
Alfred A. Cook, for respondent.

HATCH, J. This action is brought to recover damages for the publication of an alleged libel, which the complaint sets out in full.

The article, as published, charges the plaintiff with an attempt to commit arson, in setting fire to a building 101 Mott street, in the city of New York, where the plaintiff carried on the business of a manufacturer and dealer in furniture. The article in question is headed, "Attempt to Fire a Building," and then follows a description of the circumstances surrounding the act, the putting out of the fire by the firemen, the arrest of the plaintiff, and his lodgment in the station house. After setting out the article, the complaint avers "that the said matter so printed and published as aforesaid was false, libelous, and defamatory, and, as plaintiff is informed and believes, was maliciously, wantonly, and recklessly published." It appears, therefore, by the terms of the complaint, that the article is libelous per se, and that the charge in the complaint is that the whole of it was false, libelous, and defamatory. This averment cannot be construed as relating to any particular part of the article. It embraces the whole, and charges as to it that the article, in its entirety, is false and defamatory. The defendant, through its president, makes an affidavit, as the basis of its motion, setting forth that it has a defense upon the merits of the action, as it is advised by its counsel; that it knows some of the statements contained in said article are true, and does not believe that any of them are untrue, but that it has no means of ascertaining which of them plaintiff claims to be false; that "the defendant intends by its answer herein to justify the publication of so much of said article as is alleged to be libelous in regard to the plaintiff, and also to plead that so much of said article was published under a reasonable belief in its truth; * * * that in order to properly prepare the answer herein, so as to clearly present the issues intended to be raised thereby, and to avoid unnecessary prolixity and the insertion of much irrelevant matter, it will be necessary that the complaint herein be made more definite and certain, by designating what portions of said alleged libelous article are alleged to be libels upon the plaintiff, and in what respect they are alleged to be false, or that a bill of particulars designating the same be served." It is apparent from this affidavit that the knowledge which the defendant desires, either by definite or certain statement, or by a bill of particulars, is as to that portion of the article which the plaintiff deems to be false, and that portion which he deems to be true. This is the first time that our attention has been called to a case where the defendant seeks an order compelling the plaintiff to particularly specify the portion of his complaint to which the defendant may plead the truth in justification. If such practice is permissible, it will very much simplify the position of defendants in serving an answer. For if they can induce the court to compel the plaintiff to specify the portion of the article which is true, if such be the fact, the road to a justification, to that extent, is made clear, open, and easy. We know, however, of no rule which requires a plaintiff to inform a defendant in an action of libel to what portion he may plead a justification, and that is what the order in the present case accomplishes. In addition to this, it appears that the defendant does not need a bill of particulars to enable him to answer. It sets forth an affidavit of merits, and also

that it is able to justify in part, at least, the truth of the article.   Under such circumstances a bill of particulars is not necessary to enable the defendant to answer.   Wolff v. Kaufman, 65 App. Div. 29, 72 N. Y. Supp. 500.   Nor is there any need that the plaintiff make his complaint more definite and certain, as it is already fully complete in such particulars.   It sets up the whole of the article claimed to be libelous, and then avers that the whole is false and defamatory. Words could not make it more definite.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.   All concur.