LOUIS E. KUSTER, Respondent, *v.* NEW YORK TIMES COMPANY, Appellant.

*Libel — bill of particulars as to how much of an article is true.*

The plaintiff, in an action of libel, should not be required to serve a bill of particulars specifying what portions of the alleged libelous article are true and what portions are untrue, when it appears that such a bill of particulars is not necessary to enable the defendant to frame his answer, and that the defendant's sole reason for making the motion is a desire to narrow the issues to be litigated on the trial.

APPEAL by the defendant, the New York Times Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Westchester on the 14th day of October, 1902, denying the defendant's motion for a bill of particulars before answer.

*Alfred A. Cook* [*Leopold Wallach* with him on the brief], for the appellant.

*William Phlippeau,* for the respondent.

WOODWARD, J. :

The defendant appeals from an order denying its motion that plaintiff be directed to serve a bill of particulars, " specifying in detail what portion or portions of the article mentioned in the complaint herein are alleged to be libels on the plaintiff and in what respect such portion or portions of said article are alleged to be false and what portion or portions of said publication are admitted to be true." The theory of the defendant is, not that this bill of particulars is necessary to enable it to answer, but that no defendant in an action for libel ought to be called upon to justify, and upon the trial to prove the truth of each and every statement contained in an article alleged to be false if any portion of the article is true or does not relate to the plaintiff, and plaintiff can, by serving a bill of particulars, point out the parts or portions that are true. It is specifically declared by the defendant that it " can answer without the bill," and it is admitted that under the rule laid down in the first department in the case of *Singer* v. *N. Y. Times Co.* (74 App.

Div. 380) the order appealed from could not be reversed, but it is urged that as a bill of particulars relates only to the practice, this department is not bound by judicial comity to follow that case.

It may be that in a matter of practice, pure and simple, this court might feel at liberty to differ with a co-ordinate court, but it seems to us that, while a bill of particulars in general is a matter of practice, the order which the defendant seeks would operate to materially alter the substantive law of libel by forcing the plaintiff to aid in making out the defendant's justification. The plaintiff in the matter now before us sets forth the text of an article alleged to have been published by the defendant, says that this article is false and malicious, and that it constitutes a libel upon the plaintiff. It is not necessary to raise an issue that the defendant should have any further details; the entire article is alleged to be libelous and the defendant may plead a complete justification, or under the provisions of section 535 of the Code of Civil Procedure it may plead and prove facts in mitigation of damages. The mere fact that some of the abstract statements in the article complained of may be true is no reason why the plaintiff should be called upon to point out and admit them. This court, in the case of *McClellan v. Duncombe* (26 App. Div. 353), held that where, pending a decision of a motion made by the defendant in an action for a bill of particulars of the matters alleged in the complaint, upon the ground that it is necessary to enable the defendant to answer, the answer is served (an application for an extension of time to answer having been refused), the court has no power to order the plaintiff to serve a bill of particulars, upon the ground that it is necessary to enable the defendant to prepare for trial, and it is difficult to distinguish in principle between that case and the one at bar. There the answer had been served, and the power of the court to grant the bill of particulars to enable the defendant to prepare for trial was denied. Here the bill of particulars is concededly not necessary to enable the defendant to answer, but it is urged that the defendant ought not to be put to the trouble of proving upon the trial matters which it alleges to be concededly true. The application stands, therefore, in the same position that it would if the extension of time for answering had been denied the defendant, and it had already put in its answer, and was now, with its answer made, asking to have the

bill of particulars granted upon the original application to enable it to answer. The only ground on which the order could be properly made was that it was necessary to enable the defendant to answer (*McClellan* v. *Duncombe, supra,* 355), and as the defendant admits that this is not necessary, the order could not properly issue, because it would be convenient for the defendant, upon the trial, to be relieved of the burden of proving all of the issuable facts in the case. We think this department is so far in harmony with the first department upon this question that it would be improper to disturb the order appealed from.

The order should be affirmed, with costs.

GOODRICH, P. J., BARTLETT, HIRSCHBERG and JENKS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.