the latter county, as a matter of right. The proper demand was made, under section 986 of the Code of Civil Procedure, before this motion was noticed.

Argued before PARKER, P. J., and SMITH, CHASE, and CHESTER, JJ.

Patrick C. Dugan, for appellant.

Van Santvoord & Wellington (Herbert F. Roy, of counsel), for respondent.

PARKER, P. J. It is substantially conceded upon the record in this matter that the defendant, although it has its principal office in Albany, operates its road and carries on a large part of its business in Rensselaer county. Under such circumstances, I am of the opinion that it may be deemed a resident of the latter county, and therefore, under the provisions of section 984 of the Code, the venue was well laid in such county. When the defending company is other than a railroad company, and has named its principal place of business in its articles of association, it is well settled that the place so fixed is to be deemed its place of residence. Rossie Ironworks v. Westbrook, 59 Hun, 345, 13 N. Y. Supp. 141; Speare v. Troy Laundry Machinery Co., 44 App. Div. 390, 60 N. Y. Supp. 1080; Remington & Sherman Co. v. Niagara County National Bank, 54 App. Div. 358, 66 N. Y. Supp. 560. But it seems also to be settled that, in the case of a railroad company, its place of residence must be ascertained by its place of business; and, if it have several places of business, it must also be deemed to have several places of residence. Pond v. Hudson River R. Co., 17 How. Prac. 543; Buffalo & State Line R. Co. v. Supervisors of Erie Co., 48 N. Y. 103, and cases there cited; 23 Am. & Eng. Ency. of Law (2d Ed.) 679, 680, and cases there cited. No authority to the contrary has been cited, nor do I find any. Although its principal office may be located in a specified county, the principal business of a railroad company can hardly be said to be located in any particular place. It owns property in, and operates its road through, many counties, and there are various reasons why its place of residence should not be limited to the place where its main office is located. People v. Fredericks, 48 Barb. 173, 186, 187. I am not aware of any reason why the rule so established should be changed, and I conclude that the order must be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.

---

(88 App. Div. 287.)

### FIDELITY GLASS CO. v. THATCHER MFG. CO.

(Supreme Court, Appellate Division, Third Department. November 11, 1903.)

1. BILLS OF PARTICULARS—COUNTERCLAIM—FRAMING REPLY.

Until a reply has been served by plaintiff, he is not entitled to a bill of particulars concerning a counterclaim, for the purpose of preparing for trial, where it is not needed to draw the reply.

Appeal from Special Term.

Action by the Fidelity Glass Company against the Thatcher Manufacturing Company. From an order granting to plaintiff a motion for a bill of particulars, defendant appeals. Order modified.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Erwin J. Baldwin, for appellant.

Ginn & Murphy (Lowen E. Ginn, of counsel), for respondent.

PARKER, P. J.   The affidavit on the part of the plaintiff in this action claims that the bill of particulars is needed both for the purpose of enabling it to frame its reply, and also for the purpose of preparing for the trial.   It is manifest from the pleadings and the record before us that the items for which such bill of particulars is asked are not needed in order to enable the plaintiff to reply.   Each one of the several demands set up by way of counterclaim can be fully put at issue without the aid of any of the facts which the plaintiff seeks to so ascertain.   The bill of particulars should not, therefore, be ordered for that purpose.   Wolff v. Kaufman, 65 App. Div. 29, 72 N. Y. Supp. 500.

With reference to those particulars which may be needed for the purpose of preparing for trial, it has been held that, until a reply has been served, no bill of particulars concerning a counterclaim will be ordered; that, until an issue over the counterclaim has actually been made, it is premature to ask for the information necessary to prepare for trial of the same.   American Credit Indemnity Co. v. Bondy, 17 App. Div. 328, 45 N. Y. Supp. 267; Watertown Paper Co. v. West, 3 App. Div. 451, 38 N. Y. Supp. 229.   Under these authorities, it was error for the Special Term to require the statement provided for in the third, fourth, and fifth paragraphs of the order appealed from. Those all relate to matters set up by way of counterclaim.

But as to the items required by the first and second paragraphs of such order, they refer merely to new matter set up by way of a defense to the plaintiff's claim.   The issue as to them was fully framed, although no reply be ever served; and as, in my judgment, they require the defendant to furnish no more than the plaintiff is fairly entitled to be informed of before preparing for trial, so much of such order must be permitted to stand.

The order appealed from should be modified by striking therefrom the third, fourth, and fifth paragraphs, and, as so modified, affirmed, without costs to either party.   All concur.