HICKS v. EGGLESTON et al.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. ACTIONS—PLEADING—BILL OF PARTICULARS—DEFENSE.
    Where a bill of particulars was demanded on the ground that it was necessary for the defense of the case, it could not be granted before answer, since, until an issue was raised by the service of an answer, it could not be known what defense, if any, would be made.

2. SAME—ANSWER.
    Under Code Civ. Proc. § 500, providing that an answer must contain a general or specific denial of the allegations of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief, a bill of particulars, in a taxpayer's action to restrain the payment of a sheriff's bill, alleged to be excessive, and charging that a certain item for board of prisoners was excessive, in that the number of prisoners charged for had not been boarded, was not sustainable on the ground that it was necessary to enable defendants to answer.

Appeal from Special Term, Dutchess County.

Action by Willett Hicks against Lorin J. Eggleston and others. From an order requiring plaintiff to file a bill of particulars, he appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Frank Hasbrouck, for appellant.
Hackett & Williams and Charles Morschauser, for respondents.

HOOKER, J. The defendants are the members of the board of supervisors of Dutchess county and its late sheriff. The plaintiff is a resident and a taxpayer therein. The complaint alleges that the sheriff presented a bill against the county to the board which is largely in excess of the true amount the sheriff is legally entitled to claim, and that the board has audited the same, allowed it, and ordered it paid in full. The complaint also alleges that an item of over $13,000 was for 4,262 $^2/_7$ weeks' board of prisoners in the county jail of Dutchess county, charged for at the rate of $3.25 per week, and that this represents an average of 81 prisoners boarded by the sheriff in the jail for each day of the whole period covered by the bill. The plaintiff alleges, upon information and belief, that at no time during that period were there as many as 81 prisoners boarded at the jail, and that the largest number of prisoners confined in the jail at any

¶ 1. See Pleading, vol. 39, Cent. Dig. § 977.

one time during that period was 65. The averment is made that this is an overcharge, and is illegal and unjust, and that the allowance by the board of supervisors was with knowledge of its character, and was fraudulent and unlawful; and a demand for judgment is made, that the resolution allowing the bill and ordering it paid be declared void, and that the supervisors be restrained and enjoined from levying a tax for its payment until a reaudit which shall eliminate the illegal charges. The defendants have not answered, but moved for a bill of particulars specifying in detail each and every item which is in excess of the true amount due the sheriff, the name of each and every person or prisoner, and in what manner the defendants fraudulently and corruptly allowed and ordered paid the full amount of said bill. The motion was granted, and, in addition to making the direction asked for, to which reference has been made, further provided that the plaintiff should give "full particulars of the name, date, place, and person, so that said defendants may have full knowledge of all the facts alleged in said complaint as to the items, dates, places, times, and persons, and fully be capable of answering the same." The affidavits read in support of the motion stated that the defendants could not properly prepare or verify an answer without such a bill of particulars.

The order must be reversed. It was "prematurely granted, if based upon the ground that it was necessary for the purpose of the defense of the case. It could not be said any defense would be made until an issue was raised by the service of an answer." American Credit Indemnity Co. v. Bondy, 17 App. Div. 328, 329, 45 N. Y. Supp. 267; Watertown Paper Co. v. West, 3 App. Div. 451, 38 N. Y. Supp. 229; McClellan v. Duncombe, 26 App. Div. 353, 49 N. Y. Supp. 679.

Nor can the order be sustained on the theory that the bill of particulars is necessary to enable the defendants to answer. Section 500 of the Code of Civil Procedure provides what an answer must show. It reads:

"The answer of the defendant must contain: (1) A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. * * *"

As far as the sheriff is concerned, he either knows, or does not know, whether the charges in his bill are correct and legal; if he knows them to be correct, he may specifically deny the complaint's allegations of illegality; if he knows the allegations to be true, he will admit them, or fail to answer at all; while, if it can be that he has no knowledge or information sufficient to form a belief on the matter, an allegation to that effect raises a perfect issue. Either course could be pursued by him as well without as with the aid of a bill of particulars. The same is true as far as the defendant supervisors are concerned. American Credit Indemnity Co. v. Bondy, supra.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with costs. All concur.