### SLINGERLAND et al. v. CORWIN et al.

(Supreme Court, Appellate Division, Third Department. May 3, 1905.)

PLEADING—BILL OF PARTICULARS—SCOPE.

> In ejectment by a landlord against the tenants, the complaint alleged a right to possession because defendants had broken certain covenants, forfeiting the right to occupy the premises and destroying their right to a renewal of the lease, and alleged that the lease had not been renewed. *Held*, that a bill of particulars should show the covenants, and when and how violated, and what defendants did, and when, which deprived them of their right to renew the lease.
>
> [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 958, 968, 982.]

Appeal from Special Term, Albany County.

Action by Anna C. Slingerland and others against Lewis F. Corwin and others. Appeal by plaintiffs from an order directing them to furnish a bill of particulars. Modified and affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

J. Newton Fiero, for appellants.

Countryman, Nellis & Du Bois, for respondents.

HOUGHTON, J. The action is in form ejectment, but the plaintiffs allege, as the reason why they are entitled to immediate pos-

session of the real property in controversy, that the defendants have so materially violated various conditions of a lease under which they have long occupied that they were and are entitled to no renewal thereof, or to continue to occupy thereunder, and that the lease in fact has not been renewed.

The court properly directed the plaintiffs to furnish the defendants with a bill of particulars; but the order is much too broad. It is not the office of a bill of particulars to expose one's evidence to his adversary. Morrill v. Kazis, 8 App. Div. 304, 40 N. Y. Supp. 954. Its purpose is only to amplify the pleading, and indicate with more particularity than is ordinarily required in a formal plea the nature of the claim made, in order that surprise upon the trial may be avoided and the issues more intelligently met. Taylor v. Security Life Insurance Co., 73 App. Div. 319, 76 N. Y. Supp. 671.

The plaintiffs, although the owners, are not entitled to possession as against the defendant tenants if the lease is a subsisting one. They allege, as a reason why they are in fact entitled to possession, that the defendants have violated certain conditions and broken certain covenants, which have not only forfeited their right to continue to occupy the premises, but have destroyed their right to a renewal of the lease. What conditions and covenants, and when and how violated and broken, which plaintiffs claim forfeited defendants' rights under the lease, and what defendants did, and when, which deprived them of their right to renew said lease, plaintiffs should give a bill of particulars concerning. As to the actual renewal of the lease, as provided by its terms or otherwise, the defendants have as much knowledge as the plaintiffs, and no further particulars should be required.

The order should be modified by limiting its provisions as indicated, and, as so modified, should be affirmed, without costs to either party. All concur.