(122 App. Div. 608.)

## UNITED STATES CASUALTY CO. v. JAMIESON.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

1. PLEADING—BILL OF PARTICULARS—APPLICATION BEFORE ISSUE JOINED.

In an action to recover advances alleged to have been made by plaintiff to defendant in excess of commissions to which he and his subagents were entitled, and for money loaned, defendant was not entitled to a bill of particulars after the action was commenced, but before issue was joined, since he is presumed to know the amount alleged to have been paid him, and the commissions earned.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 977.]

2. SAME—ANSWER—DENIALS—STATUTES.

When defendant has not the necessary information to answer the complaint, he may interpose an answer denying that he has any knowledge or information sufficient to form a belief as to the truth of the allegations of the complaint, and under Code Civ. Proc. § 500, this puts plaintiff to his proof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 245–248.]

Appeal from Special Term.

Action by the United States Casualty Company against Harry D. Jamieson to recover certain advances made to defendant, and for money loaned. From an order granting a motion for a bill of particulars, plaintiff appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

Carl Schurz Petrasch, for appellant.
James Taylor Lewis, for respondent.

McLAUGHLIN, J. This action is brought to recover certain advances alleged to have been made by plaintiff to defendant in excess of commissions to which he and his subagents were entitled, and also upon a separate cause of action for money loaned. After the action had been commenced—but before issue was joined—the defendant moved for a bill of particulars. The affidavit upon which the motion was principally based was to the effect that the allegations of the complaint set forth, in gross, various sums of money, in large amounts, which had been advanced; that the defendant had never been permitted to examine the books of the plaintiff or given a statement of the sums advanced; that he was unable to answer the complaint intelligently and with safety to his interest; and that he could not properly defend the action without a detailed statement. The plaintiff, in opposition, submitted affidavits to the effect that the plaintiff had advanced certain amounts of money each week to defendant, and obtained receipts from him showing that the money was advanced on account of the commissions, and that monthly statements were rendered to him.

A bill of particulars is not ordered—except under very extraordinary circumstances—prior to the joining of issue, and this for the obvious reason that a party has no necessity for a bill of particulars until he disputes the plaintiff's claim. Not a single fact is here stated which would justify the order. The defendant knows, or ought to

know, whether or not he received the amounts alleged to have been paid him for the time stated; he also knows, or ought to know, the commissions earned by him, as well as by his subagents. If he knows these facts, then he is in a position to interpose an answer; if he has not the necessary information, then he can interpose an answer denying that he has any knowledge or information sufficient to form a belief as to the truth of the allegations of the complaint, and this puts the plaintiff to his proof. Code Civ. Proc. § 500. Substantially all the defendant claims is that he does not know whether the plaintiff's claim is correct or not, and a bill of particulars, under such circumstances, will not be ordered—certainly not before issue is joined. Hicks v. Eggleston, 95 App. Div. 162, 88 N. Y. Supp. 528; McClellan v. Duncombe, 26 App. Div. 353, 49 N. Y. Supp. 679; American Credit Indemnity Co. v. Bondy, 17 App. Div. 328, 45 N. Y. Supp. 267; Morrill v. Kazis, 8 App. Div. 304, 40 N. Y. Supp. 954.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.