### INTERNATIONAL IMPORT & EXPORT CO. v. DI MONDA.

(City Court of New York, Special Term. March, 1909.)

1. PLEADING (§ 320*)—BILL OF PARTICULARS.
　　A bill of particulars to enable defendant to answer should be denied as unnecessary, where the affidavit of his attorney states that defendant has fully stated his case and that affiant has advised him that he has a good defense on the merits.

　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 972; Dec. Dig. § 320.*]

2. PLEADING (§ 317*)—BILL OF PARTICULARS.
　　Defendant is not entitled to a bill of particulars, especially before issue is joined, where substantially all he claims is that he does not know whether plaintiff's claim is correct or not.

　　[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 317.*]

Action by the International Import & Export Company against Guilio Di Monda, doing business under the firm name of G. Di Monda.

Heard on motion for bill of particulars before answering.   Motion denied.

Clarence De Witt Rogers, for plaintiff.
Edward B. Boise, for defendant.

FINELITE, J.   This is a motion made by the defendant for a bill of particulars of paragraph 4 of the plaintiff's complaint, to enable the defendant to answer.   The action is upon an alleged guaranty by defendant of certain obligations of a third person, not a party to the action, named Manzella.   By paragraph 4 of the complaint it alleges that plaintiff employed the defendant as its agent with respect to certain sales made to said Manzella, and relied upon the said agreement and guaranty of the defendant, and did actually sell through the defendant as its agent and delivered to said Manzella certain goods, wares, and merchandise, of the agreed price and value of $3,271.51, which the said Manzella promised and agreed to pay therefor on the 30th day of November, 1908; that no part thereof has been paid, of all of which the defendant, prior to the commencement of this action, had due notice.   The affidavits of the defendant state that he has no knowledge of these alleged transactions, and that the plaintiff's complaint is not sufficient to inform him of their character and extent.   Therefore he desires a bill of particulars setting out in detail facts sufficient to enable him to prepare an answer.   He desires, first, the dates when said plaintiff appointed the defendant to act as its agent; second, the character and items of the goods; third, the dates when said goods and merchandise were sold; fourth, the words and figures in which the said Manzella agreed to pay therefor; and, fifth, that if said plaintiff has no knowledge with reference to any of the foregoing particulars it shall state such lack of knowledge under oath in lieu thereof.

It appears from the moving papers that defendant's attorney swears to an affidavit alleging that "the defendant has fairly and fully stated his case, and that his attorney has advised him that he has a good and substantial defense upon the merits, as the affidavit shows that the bill of particulars is not necessary for the purpose for which it is asked." Wolff v. Kaufman, 65 App. Div. 29, 72 N. Y. Supp. 500; Singer v. N. Y. Times Co., 74 App. Div. 381, 382, 77 N. Y. Supp. 531.   In Wolff v. Kaufman, supra, the per curiam says:

"This is an application for a bill of particulars to enable the defendant to plead; but if his attorney has become possessed, as he swears he has, of sufficient facts showing a good defense to plaintiff's cause of action, then he does not need a bill of particulars to enable him to plead."

In Singer v. N. Y. Times Co., supra, Hatch, J., says that it is apparent from this affidavit that the knowledge which the defendant desires is either by definite or certain statements or by a bill of particulars.   It is presumed from the statement made by the defendant that he must be in possession of sufficient facts to enable him to prepare an answer to the complaint.   Fidelity Glass Co. v. Thatcher Mfg. Co., 88 App. Div. 287, 85 N. Y. Supp. 8; Kuster v. N. Y. Times, 79 App. Div. 39, 79 N. Y. Supp. 978; Wolff v. Kaufman, 65 App. Div. 29, 72 N. Y. Supp. 500.

There is only one case that the court could find which entitles a defendant to a bill of particulars before issue joined, wherein it states that a bill of particulars is not ordered except under extraordinary circumstances, prior to joinder of issue, because a party has no necessity for a bill of particulars until he disputes the plaintiff's claim. U. S. Casualty Co. v. Jamieson, 122 App. Div. 608, 609, 107 N. Y. Supp. 490. This is an action similar to the one at bar, and McLaughlin, J., says:

"A bill of particulars is not ordered, except under very extraordinary circumstances, prior to the joining of issue; and this for the obvious reason that a party has no necessity for a bill of particulars until he disputes the plaintiff's claim. Not a single fact is here stated which would justify the order. The defendant knows, or ought to know, whether or not he received the amounts alleged to have been paid, and for the time stated. He also knows, or ought to know, the commissions earned by him, as well as by his subagents. If he knows these facts, then he is in a position to interpose an answer. If he has not the necessary information, then he can interpose an answer denying that he has any knowledge or information sufficient to form a belief as to the truth of the allegations of the complaint, and this puts the plaintiff to its proof." Section 500, Code Civ. Proc.

Substantially all the defendant claims is that it does not know whether the plaintiff's claim is correct or not, and a bill of particulars under such circumstances will not be ordered, certainly not before issue is joined. Hicks v. Eggleston, 95 App. Div. 162, 88 N. Y. Supp. 528; McClellan v. Duncombe, 26 App. Div. 353, 49 N. Y. Supp. 679; Am. Credit Indemnity Co. v. Bondy, 17 App. Div. 328, 45 N. Y. Supp. 267; Morrill v. Kazis, 8 App. Div. 304, 40 N. Y. Supp. 954. The circumstances herein are not so extraordinary that the court should direct a bill of particulars to be served before answer.

Motion for a bill of particulars before answer denied. Settle order on one day's notice.